IN THE UNITED STATE DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

PAUL WITT,                              )
                                        )
    Plaintiff,                          )
                                        )
v.                                      )    Case No. 05-3125-CV-S-DW
                                        )
JO ANNE BARNHART,                       )
Acting Commissioner of Social           )
Security Administration,                )
                                        )
    Defendant.

# ORDER

Before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 3). For the following reasons, the motion is provisionally granted.

The process for determining whether a plaintiff should be granted leave to proceed *in forma pauperis* consists of two steps. Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982). First, the court must decided whether the plaintiff "qualifies by economic status" pursuant to 28 U.S.C. § 1915(a). Id. If the plaintiff qualifies by economic status, then the court grants the application to proceed *in forma pauperis*, but must also immediately decide whether the action must be dismissed because it is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief against a party immune from such damages. 28 U.S.C. § 1915(e)(2)(B); Martin-Trigona v. Stewart, 691 F.2d at 857.

A court may "authorize the commencement ... of any suit ... without prepayment of fees or security therefor, by a person who submits an affidavit ... that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In analyzing plaintiff's economic status,

the Court considers that court fees and costs should not "cause the applicant to give up the basic necessities of life." Local Rule 83.7(4).

Here, Plaintiff's affidavit of financial status indicates that he is retired and that he receives a monthly income of $602.00 in the form of Social Security Retirement Benefits. Of the income he receives, $250.00 pays for groceries, $150.00 for gas, and $25.00 for a shed rental. Plaintiff indicates that he does not own real property but does not state a monthly rental obligation. Even assuming Plaintiff has no further financial obligations, he is left with $177 per month in disposable income. Plaintiff owns a used automobile valued at $1,500.00 and does not have any financial savings. After consideration of these facts, the Court is convinced that Plaintiff will be deprived of the "basic necessities of life" if he is required to pay the fees and costs to proceed with this suit. Therefore, Plaintiff's economic status qualifies him to proceed *in forma pauperis*.

Having found that the Plaintiff's financial status qualifies for *in forma pauperis* status, the Court must determine whether this action must be dismissed because it is frivolous or malicious, fails to state a claim, or demands money damages of an immune defendant. 28 U.S.C. § 1915(e)(2)(B). In his Complaint, Plaintiff asks the Court to review an unfavorable decision by the Administrative Law Judge and Appeals Council of the Social Security Administration. On its face, Plaintiff's action does not appear non-colorable. Consequently, Plaintiff has satisfied the requirements of 28 U.S.C. § 1915 and <u>Martin-Trigona</u> and may proceed *in forma pauperis* against the defendant.

With that said, however, Local Rule 83.7(6) allows the Court to review Plaintiff's *in forma pauperis* status and rescind that status at any time when the "party becomes capable of paying the complete filing fee or if the court determines the case is frivolous, or if the court

determines that the applicant has willfully misstated information in the applicaiton for leave to proceed in forma pauperis." Therefore, subject to Local Rule 83.7(6), the Court grants Plaintiff provisional leave to proceed *in forma pauperis*.

IT IS SO ORDERED

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

DATE: June 10, 2005